928 F.2d 739
 NATIONAL TRUCK EQUIPMENT ASSOCIATION, Petitioner,
v.
NATIONAL HIGHWAY TRAFFIC SAFETY ADMINISTRATION, United
States Department of Transportation, and the
United States of America, Respondents.
 No. 89-3713.
 United States Court of Appeals,
Sixth Circuit.
 March 21, 1991.
 
 Prior report: 919 F.2d 1148.
 Before MERRITT, Chief Judge MARTIN and GUY, Circuit Judges.
 
 ORDER DENYING PETITION
 FOR REHEARING AND
 REHEARING EN BANC
 
 1
 The court having received a petition for rehearing en banc, and the petition having been circulated not only to the original panel members but also to all other active judges of this court, and no judge of this court having requested a vote on the suggestion for rehearing en banc, the petition for rehearing has been referred to the original hearing panel.
 
 
 2
 The panel has reviewed the petition for rehearing with suggestion for rehearing en banc and denies the petition for rehearing by the panel.
 
 
 3
 The essence of the Court's ruling or holding is found on page 19 of the slip opinion. 919 F.2d 1148, 1157. The petition for en banc rehearing does not appear to take issue with or suggest any error in our conclusion that the Administration's
 
 
 4
 discussion of the final stage manufacturing industry excludes the certification problems of manufacturers using cutaway or stripped chassis, concedes that the impact on manufacturers' pass-through certification limits is unknown, and nowhere provides numbers or estimates of the impact on small businesses.
 
 
 5
 This evidence from the record reveals that the Administration did not carefully consider the compliance problem of final-stage manufacturere, despite the many attempts of initial and final-stage manufacturers to bring the problem to the Administration's attention. The Administration's responses to these attempts consist of a few sentences with no additional information or study of the issue. Because the Administration did not show its work and elaborate on how it reached its conclusions, we are left to suppose either that the statements rest on studies not made part of the record--in which case we cannot provide adequate review--or they rest on the Administration's conjecture. Neither scenario leads us to view the proposed amendment favorably.
 
 
 6
 In view of the absence in the rehearing petition of any effective argument which takes issue with or cases doubt on the Court's holding as stated above, the petition is denied. Judge Guy adheres to his dissenting opinion.
 
 
 7
 Accordingly, it is so ORDERED.